SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Gossett, | ) No. CV 08-2120-PHX-DGC (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Robert Stewart, et al., | ) |
| Defendants. | ) |

Plaintiff David L. Gossett, who is confined in the Arizona State Prison Complex-Eyman, Meadows Unit, in Florence, Arizona, has filed a *pro se* motion for leave to file a civil rights complaint pursuant to 42 U.S.C. § 1983 on other than the court-approved form and lodged a proposed Complaint. (Doc.# 1, 2.)[1] Plaintiff has paid the $350.00 filing fee. The Court will grant the motion for leave to file on other than the court-approved form. The Court will also order Defendants Fernandez, Bollweg, and Daters to answer Plaintiff's retaliation, excessive force, and failure to protect claims against them in the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Motion for Leave to File Complaint Other than on Court-Approved Form**

Plaintiff seeks leave to file his Complaint on other than the court-approved form for prisoners. See LRCiv. 3.4(a). Plaintiff's Complaint otherwise conforms with federal and local rules for actions filed by incarcerated persons. Id. His motion will be granted.

---

[1] "Doc.#" refers to the docket number of filings in this action.

**TERMPSREF**

1    **II.    Statutory Screening of Prisoner Complaints**

2           The Court is required to screen complaints brought by prisoners seeking relief against

3    a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

4    § 1997(e). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6    be granted, or that seek monetary relief from a defendant who is immune from such relief.

7    28 U.S.C. § 1915A(b)(1), (2).

8    **III.    Complaint**

9           Plaintiff alleges claims for excessive force, failure to train, failure to protect, and

10   retaliation. Plaintiff sues Arizona Department of Corrections (ADC) Eyman Complex

11   Warden Robert Stewart; Cook Unit Deputy Warden Alex Davenport; Lieutenant Barry

12   Fernandez; Corrections Officers Bollweg and Daters; and John and Jane Does I-X. Plaintiff

13   also sues the spouses of the named Defendants. Plaintiff seeks compensatory and punitive

14   relief.

15          Plaintiff alleges the following facts: Plaintiff is 55 years old. He has been diagnosed

16   with a "chronic respiratory disorder" and must use a cane or wheelchair due to multiple back

17   injuries. Since 2000, Plaintiff has been assigned to special medical needs housing that units

18   based on his medical conditions. On November 17, 2007, Plaintiff was transferred to the

19   Cook Unit and assigned to building 5, which complies with the Americans with Disabilities

20   Act (ADA). Plaintiff had a Special Need Order (SNO) from his treating physicians for

21   assignment to a lower bunk.

22          In March 2008, Plaintiff was taken to the infirmary for a respiratory problem and was

23   initially examined by a nurse. When the nurse left the room momentarily, Defendant

24   Fernandez ordered Plaintiff to return to his housing unit. Plaintiff explained to Fernandez

25   that he was waiting to see the doctor, but Fernandez escorted him out of the infirmary and

26   put him in a fenced enclosure. While in the enclosure, Plaintiff complained to Defendant

27   Davenport about Fernandez's interference with his medical care. Plaintiff was then returned

28   to the infirmary. While Plaintiff received a breathing treatment in the infirmary, Fernandez

1   appeared, looking angry, and told Plaintiff that he was putting him "on report" for disobeying

2   a direct order.  Following completion of the treatment, Fernandez put Plaintiff back in the

3   enclosure and told him that he was going to be transferred to the Special Management Unit

4   (SMU) and placed in isolation.  While confined at SMU, Plaintiff complained in writing to

5   Defendants Stewart and Davenport about Fernandez's actions and requested an investigation,

6   but they failed to take action.  Plaintiff was found guilty of disobeying a direct order, but the

7   charge was dismissed on appeal.

8        On July 3, 2008, Plaintiff was transferred back to the Cook Unit and assigned to

9   Building 5.  On July 8, 2008, he was informed that he was being transferred to an upper bunk

10  in a building without ADA accommodations.  Plaintiff informed staff of the SNO that

11  required his assignment to a lower bunk in an ADA-compliant facility.  Fernandez was

12  summoned and Plaintiff repeated that he had a SNO and that his record documented his need

13  to be housed in an ADA-compliant facility.  Stating that Plaintiff did not have a reason to

14  remain in the medical housing unit, Fernandez escorted Plaintiff to the transportation

15  enclosure.  Without warning, Fernandez and Defendant Bollweg snatched Plaintiff's cane

16  and violently twisted Plaintiff's hands and wrists behind his back for cuffing, causing

17  Plaintiff to fall in extreme pain and resulting in serious physical injury.  Fernandez "drove"

18  his knee into Plaintiff's back while he, Bollweg, and others continued to twist Plaintiff's

19  hands, wrists, and arms beyond that necessary to cuff him.  Defendant Dater and other

20  corrections staff witnessed the excessive use of force, but failed to intervene to protect

21  Plaintiff.  Fernandez then ordered that Plaintiff be shackled.  The shackles were so tightly

22  applied, despite the absence of resistence by Plaintiff, that he again suffered extreme and

23  unnecessary pain.  Shortly after his placement in the transportation enclosure, Lieutenant

24  Sutton and Officer Madsen approached the enclosure and confirmed that Plaintiff had a

25  verified need to be housed in Building 5 and Plaintiff was taken to the infirmary.  There,

26  Plaintiff received injections for pain and the physician ordered Plaintiff's meals to be

27  delivered to him in Building 5.  Fernandez and housing unit staff charged Plaintiff with

28  disobeying direct orders and Fernandez also charged Plaintiff with using his cane as a

1  weapon.  Plaintiff was found guilty of disobeying a direct order for which he received a

2  verbal reprimand and 15 days loss of phone privileges.  The other charge was dismissed.

3  Plaintiff spoke to Stewart and Davenport regarding this incident and requested that

4  Fernandez, Bollweg, and others be disciplined, but they took no action.

5  **IV.   Failure to State a Claim**

6       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

7  conduct about which he complains was committed by a person acting under the color of state

8  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

9  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

10  suffered a specific injury as a result of the conduct of a particular defendant and he must

11  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

12  Goode, 423 U.S. 362, 371-72, 377 (1976).

13       **A.   Fictitiously-Named Defendants**

14       Plaintiff sues several John and Jane Does as Defendants.  Generally, the use of

15  anonymous type appellations to identify defendants is not favored.  Rule 10(a) of the Federal

16  Rules of Civil Procedure requires the plaintiff to include the names of the parties in the

17  action.  As a practical matter, it is impossible in most instances for the United States Marshal

18  or his designee to serve a summons and complaint or amended complaint upon an

19  anonymous defendant.

20       The Ninth Circuit has held that where identity is unknown prior to the filing of a

21  complaint, the plaintiff should be given an opportunity through discovery to identify the

22  unknown defendants, unless it is clear that discovery would not uncover the identities, or that

23  the complaint would be dismissed on other grounds.  Wakefield v. Thompson , 177 F.3d

24  1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

25  Plaintiff may use the discovery processes to obtain the names of the persons whom he

26  believes violated his constitutional rights.  If Plaintiff discovers the identities of these

27  fictitious defendants through the discovery process, or otherwise, he may seek leave of the

28  Court to amend to name these individuals.

**B.    Stewart and Davenport**

Although Stewart and Davenport may properly be sued for constitutional violations, Plaintiff fails to state a claim against either.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make the supervisor liable.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.

Plaintiff alleges that Stewart and Davenport are the policymakers, respectively, of the Eyman Complex and Cook Unit.  Plaintiff also alleges that he complained to them about the two incidents, but they failed to act on his complaints.  Plaintiff contends that Stewart and Davenport thereby condoned the alleged use of excessive force, failure to protect, and retaliation against inmates who exercise their constitutional rights.  Plaintiff further asserts they condoned such violations by failing to properly train, supervise, and discipline their staff.  Plaintiff's allegations are not sufficient to support that either Stewart or Davenport participated in or directed the alleged violations or to support that they knew of the violations but failed to act to prevent them.  Plaintiff's allegations reflect that they only learned of the alleged violations after they occurred.  Plaintiff also fails to set forth facts to support that his constitutional rights were violated pursuant to a policy established by either Defendant.

Plaintiff also fails to allege facts to support a claim for failure to train against Stewart or Davenport.  To state a claim for failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference.  <u>Edgerly v. City and County of San</u>

1  Francisco, 495 F.3d 645, 661 (9th Cir. 2007) (citing Cannell v. Lightner, 143 F.3d 1210,

2  1213 (9th Cir. 1998) (holding that, to establish supervisor liability for failure to train, a

3  plaintiff must show that the failure "amounted to deliberate indifference").  A plaintiff must

4  allege facts to support that not only was particular training inadequate, but also that such

5  inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the

6  defendant.  Cannell, 143 F.3d at 1213; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir.

7  2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific

8  officers or employees, the need for more or different training is obvious, and the inadequacy

9  so likely to result in violations of constitutional rights, that the policy-makers ... can

10  reasonably be said to have been deliberately indifferent to the need.")  Plaintiff fails to allege

11  facts to support that any particular training was inadequate or that such inadequacy was the

12  result of a deliberate choice.  For the reasons discussed, Stewart and Davenport will be

13  dismissed.

14  **V.      Claims for Which an Answer Will be Required**

15          Plaintiff alleges that Defendant Fernandez and Bollweg used excessive force against

16  him and that Defendant Daters failed to intervene to protect Plaintiff.  Plaintiff further alleges

17  that Fernandez retaliated against him for seeking redress of grievances and medical care.

18  Plaintiff sufficiently states a claim against Fernandez and Bollweg for excessive force; a

19  claim against Fernandez for retaliation; and a claim against Daters for failure to protect.

20  These Defendants will be required to respond to Plaintiff's allegations against them.

21  **VI.     Warnings**

22          **A.      Address Changes**

23          Plaintiff must file and serve a notice of a change of address in accordance with Rule

24  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

25  relief with a notice of change of address.  Failure to comply may result in dismissal of this

26  action.

27          **B.      Copies**

28          Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's motion for leave to file a complaint on other than the court-approved form is **granted** and Plaintiff's lodged Complaint must be filed.  (Doc.# 1, 2.)

(2)    Plaintiff's failure to train claims and Defendants Stewart, Davenport, and John and Jane Does 1-X, and their spouses are **dismissed** without prejudice.

(3)    Defendants Fernandez, Bollweg, and Daters must answer the Complaint.

(4)    The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 2), this Order, and both summons and request for waiver forms for Defendants Fernandez, Bollweg, and Daters.

(5)    Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(7)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9)     **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1    (12)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules

2    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3    DATED this 8th day of December, 2008.

4

5

6    _____

7    David G. Campbell
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28