SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Gossett, | No. CV 08-2120-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Robert Stewart, et al., | |
| Defendants. | |

Plaintiff David L. Gossett, who is confined in the Arizona State Prison Complex-Eyman, Meadows Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 4.)[1] The Court ordered Defendants Fernandez, Bollweg, and Daters to answer Plaintiff's retaliation, excessive force, and failure to protect claims against them in the Complaint and dismissed the remaining claims and Defendants without prejudice. Plaintiff has filed a motion for reconsideration regarding the dismissal of claims against Warden Robert Stewart and Deputy Warden Alex Davenport. (Doc.# 6.) The motion will be denied.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A

---

[1] "Doc.#" refers to the docket number of filings in this action.

motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

In his Complaint, Plaintiff sued Warden Robert Stewart and Deputy Warden Alex Davenport. As stated in the prior Order, Plaintiff alleged the following facts:

> Plaintiff is 55 years old. He has been diagnosed with a "chronic respiratory disorder" and must use a cane or wheelchair due to multiple back injuries. Since 2000, Plaintiff has been assigned to special medical needs housing that units based on his medical conditions. On November 17, 2007, Plaintiff was transferred to the Cook Unit and assigned to building 5, which complies with the Americans with Disabilities Act (ADA). Plaintiff had a Special Need Order (SNO) from his treating physicians for assignment to a lower bunk.
>
> In March 2008, Plaintiff was taken to the infirmary for a respiratory problem and was initially examined by a nurse. When the nurse left the room momentarily, Defendant Fernandez ordered Plaintiff to return to his housing unit. Plaintiff explained to Fernandez that he was waiting to see the doctor, but Fernandez escorted him out of the infirmary and put him in a fenced enclosure. While in the enclosure, Plaintiff complained to Defendant Davenport about Fernandez's interference with his medical care. Plaintiff was then returned to the infirmary. While Plaintiff received a breathing treatment in the infirmary, Fernandez appeared, looking angry, and told Plaintiff that he was putting him "on report" for disobeying a direct order. Following completion of the treatment, Fernandez put Plaintiff back in the enclosure and told him that he was going to be transferred to the Special Management Unit (SMU) and placed in isolation. While confined at SMU, Plaintiff complained in writing to Defendants Stewart and Davenport about Fernandez's actions and requested an investigation, but they failed to take action. Plaintiff was found guilty of disobeying a direct order, but the charge was dismissed on appeal.
>
> On July 3, 2008, Plaintiff was transferred back to the Cook Unit and assigned to Building 5. On July 8, 2008, he was informed that he was being transferred to an upper bunk in a building without ADA accommodations. Plaintiff informed staff of the SNO that required his assignment to a lower bunk in an ADA-compliant facility. Fernandez was summoned and Plaintiff repeated that he had a SNO and that his record documented his need to be housed in an ADA-compliant facility. Stating that Plaintiff did not have a reason to remain in the medical housing unit, Fernandez escorted Plaintiff to the transportation enclosure. Without warning, Fernandez and Defendant Bollweg snatched Plaintiff's cane and violently twisted Plaintiff's hands and wrists behind his back for cuffing, causing Plaintiff to fall in extreme pain and resulting in serious physical injury. Fernandez "drove" his knee into Plaintiff's back while he, Bollweg, and others continued to twist Plaintiff's hands, wrists, and arms beyond that necessary to cuff him. Defendant Dater and other corrections staff witnessed the excessive use of force, but failed to intervene to protect Plaintiff. Fernandez then ordered that Plaintiff be

shackled. The shackles were so tightly applied, despite the absence of resistence by Plaintiff, that he again suffered extreme and unnecessary pain. Shortly after his placement in the transportation enclosure, Lieutenant Sutton and Officer Madsen approached the enclosure and confirmed that Plaintiff had a verified need to be housed in Building 5 and Plaintiff was taken to the infirmary. There, Plaintiff received injections for pain and the physician ordered Plaintiff's meals to be delivered to him in Building 5. Fernandez and housing unit staff charged Plaintiff with disobeying direct orders and Fernandez also charged Plaintiff with using his cane as a weapon. Plaintiff was found guilty of disobeying a direct order for which he received a verbal reprimand and 15 days loss of phone privileges. The other charge was dismissed. Plaintiff spoke to Stewart and Davenport regarding this incident and requested that Fernandez, Bollweg, and others be disciplined, but they took no action.

(Doc.# 5.)

Plaintiff contends that "Stewart and Davenport were clearly put on notice and knew of Fernandez's [retaliatory] propensities *before* the second incident involving excessive force and retaliation occurred." (Doc.# 6 at 3.) Essentially, Plaintiff asks the Court to reconsider what it has already thought through. At most, Plaintiff alleges that these Defendants were aware of one incident involving Fernandez that occurred months prior to the later incident. One prior incident does not establish a propensity or give rise to an inference that Fernandez was likely to use excessive force or retaliate. Plaintiff's motion for reconsideration will be denied.

**Warnings**

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply

1 may result in the filing being stricken without further notice to Plaintiff.

2     **C.**    **Possible Dismissal**

3 If Plaintiff fails to timely comply with every provision of this Order, including these
4 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
5 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
6 comply with any order of the Court).

7     **IT IS ORDERED:**

8     (1)    Withdrawing the reference from the Magistrate Judge as to Plaintiff's motion
9 for reconsideration (doc.# 6).

10     (2)    Plaintiff's motion for reconsideration is **denied**.  (Doc.# 6.)

11 DATED this 20th day of January, 2009.

*David G. Campbell*
United States District Judge