**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Gossett, | No. CV 08-2120-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Robert Stewart, et al., | |
| Defendants. | |

Plaintiff David L. Gossett, who is confined in the Arizona State Prison Complex – Eyman, Meadows Unit, in Florence, Arizona, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #4. He filed a timely motion for leave to amend (Dkt. #22) and lodged a proposed amended complaint (Dkt. #23) in which he asserted four new causes of action and named several new Defendants. Magistrate Judge Edward C. Voss denied Gossett's motion to amend, finding that the amendment would be futile and that Gossett failed to comply with procedural requirements. Dkt. #40. Gossett objects to the denial of his motion to amend. Dkt. #42.

The Federal Magistrates Act, 28 U.S.C. § 631 et seq., allows a district court judge to designate a magistrate judge to review dispositive matters and submit recommendations for disposition to the judge. *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). If a party objects to the recommendations, the district court conducts de novo review of the magistrate judge's findings. *Id.* A motion to amend generally is nondispositive. In this case, however, denial of the motion would effectively dismiss four of Gossett's proposed causes of action. The Court will treat the motion as dispositive and conduct de novo review.

## I. Legal standard.

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). While the decision to grant or deny a motion to amend is within the discretion of the district court, the court "'must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). "Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.*

This liberal policy, however, is not unlimited. The United States Supreme Court has held that motions to amend should not be granted if the district court finds a showing of: undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]his determination should be performed with all inferences in favor of granting the motion," and the opposing party bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-187 (9th Cir. 1987)).

## II. Futility.

Defendants argue, and Judge Voss agrees, that Gossett's motion for leave to amend is futile. A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants argue that all four of Gossett's new proposed causes of action – Counts Three, Four, Five, and Six of the proposed amended complaint – fail to state a claim and therefore are futile. The Court agrees with Judge Voss's decision.

### A. Deliberate indifference (Count Three).

In Count Three, Gossett alleges that several Defendants acted with deliberate indifference to his medical needs. To prove deliberate indifference, Gossett must demonstrate that Defendants, despite their knowledge of a risk of harm to him, failed to take reasonable measures to abate the harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The alleged constitutional deprivation must be sufficiently serious, and Gossett must show that he was actually denied the "minimal civilized measure of life's necessities." *Id.* at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Gossett asserts that Defendants showed deliberate indifference by ordering him "to move to an upper bunk in a housing unit that was not equipped with safety rails," despite their knowledge that he required a lower bunk with safety rails. Dkt. #23, ¶ 47. But Gossett does not allege that he actually moved to an upper bunk or to the new housing unit. To the contrary, he alleges that the move was never carried out. *Id.*, ¶ 30. Because Gossett does not allege that he was actually moved to the upper bunk, Gossett has failed to state a claim and this cause of action is futile.

### B. Conspiracy and failure to protect (Count Four).

Gossett alleges that several Defendants observed the use of excessive force against him and did not interfere or protect him. *Id.*, ¶ 49. This inaction, Gossett argues, shows a conspiracy among these Defendants to deprive him of his right to be free from the use of excessive force. *Id.* To state a claim for conspiracy, Gossett must allege facts showing that Defendants had an agreement or meeting of the minds to violate his constitutional rights and that Defendants engaged in an overt act in furtherance of that agreement. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002); *Sykes v. Cal. (Dep't of Motor Vehicles)*, 497 F.2d 197, 200 (9th Cir. 1974) (citing *Hoffman v. Halden*, 268 F.2d 280, 292-94 (9th Cir. 1959)). Count Four alleges no facts showing an agreement between Defendants, nor does it allege any overt act by Defendants. Gossett merely states that Defendants witnessed an unconstitutional use of force and failed to intervene, and that this action "constitutes their participation in a

conspiracy." Dkt. #23, ¶ 49. The alleged facts fail to provide a basis for this claim.[1]

**C.    Conspiracy regarding disciplinary reports (Count Five).**

Gossett alleges that several Defendants conspired to deprive him of his right to be free from retaliation by conforming their disciplinary reports against him. Dkt. #23, ¶ 51. Judge Voss found Gossett's allegations too vague to state a claim. Dkt. #40. The Court agrees.

Gossett alleges that Defendants Fernandez, Bollweg, and Fimbres "conformed" their "disciplinary reports" against him after he protested their deliberate indifference to his serious medical needs, and that these actions constituted a conspiracy to retaliate against him. *Id.* Gossett presumably is referring to the disciplinary reports completed by these Defendants as alleged in paragraphs 31 through 33 of the proposed amended complaint, but Gossett never specifies the retaliation the Defendants allegedly conspired to commit. He alleges that their disciplinary reports resulted in at least some discipline being imposed at subsequent hearings, but that discipline cannot constitute a basis for retaliation unless Gossett also alleges that it was imposed as punishment for violations that he was acquitted of at his hearings, *see Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994); *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990), or that the discipline has been overturned, *see Edwards v. Balisok*, 520 U.S. 641 (1997). Gossett earlier alleges that Defendant Fernandez retaliated against him by placing him in segregation (¶ 45), but this retaliation does not appear to be the subject of Count Five. Because the Court cannot determine from Gossett's complaint

---

[1] Gossett argues that observing a constitutional violation amounts to participation in a conspiracy. Dkt. #26 at 5. To support this argument, he relies on the Fourth Circuit case of *Hafner v. Brown*, 983 F.2d 570 (4th Cir. 1992). In *Hafner*, several police officers were accused of conspiracy to violate the plaintiff's civil rights. At trial, the jury received a long list of instructions which indicated that acquiescence to a constitutional violation can amount to a conspiracy agreement. *Id.* at 577. On appeal, the defendants argued that this jury instruction was given in error. *Id.* at 576-78. The Fourth Circuit determined that the instruction, even if given in error, was harmless because it was only one small instruction in a long list of otherwise proper conspiracy instructions. *Id.* at 578. The court did not broadly hold that witnessing a constitutional violation amounts to a conspiracy. Moreover, the plaintiff presented evidence that each defendant committed some overt act in furtherance of the conspiracy, from kicking to a substantial beating. *Id.* Gossett has not alleged any overt act by any of the Count Four Defendants in furtherance of the conspiracy.

what retaliation the Defendants are alleged to have conspired to commit, the Court concludes that Gossett has failed to state a claim in Count Five.

**D. Conspiracy regarding use-of-force reports (Count Six).**

Gossett alleges that several Defendants conformed their use-of-force reports against him in a conspiracy to deprive him of his right to be free from excessive force. Dkt. #23, ¶ 53. He states that Defendants used the reports as a tool to justify past force they used against him, and that this shows they agreed to violate his rights. *Id.*, ¶¶ 34-37, 39.

To state a claim for conspiracy, Gossett must show an agreement between Defendants, an overt act in furtherance of the agreement, and an actual deprivation of civil rights resulting from the alleged conspiracy. *Franklin*, 312 F.3d at 441; *see Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989) (citing *Singer v. Wadman*, 595 F. Supp. 188 (D. Utah 1982). Gossett has alleged no actual deprivation of civil rights resulting from the alleged conspiracy. The only actual deprivation of civil rights that Gossett claims – the alleged act of excessive force outlined in Count One – occurred before the alleged conspiracy commenced and before the use-of-force reports were filed. Gossett does not allege facts showing that the conspiracy itself caused a violation of his right to be free from excessive force. For this reason, he fails to state a claim.

**IT IS ORDERED:**

1. Plaintiff's objection to Judge Voss' order (Dkt. #42) is **denied**.
2. The findings of the magistrate judge are **affirmed**.

DATED this 19th day of October, 2009.

_____
David G. Campbell
United States District Judge