**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Gossett,<br><br>    Plaintiff,<br><br>vs.<br><br>Robert Stewart, et al.,<br><br>    Defendants. | No. CV 08-2120-PHX-DGC (ECV)<br><br>**ORDER** |

Plaintiff David L. Gossett filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #4. He filed a timely motion for leave to amend (Dkt. #22) and lodged a proposed amended complaint (Dkt. #23). Magistrate Judge Edward C. Voss denied Gossett's motion for leave to amend, Gossett objected, and the Court affirmed. Dkt. #50. Gossett has filed a motion for reconsideration of the Court's affirmation of Judge Voss's denial of his motion for leave to amend. Dkt. #52. At the Court's request, Defendants filed a response. Dkt. #58. For the reasons that follow, this Court will deny Gossett's motion for reconsideration and will grant leave for Gossett to file a second amended complaint by **January 8, 2009**.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts in this district have

identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Gossett argues that this Court should reconsider its prior ruling affirming the judgment of Judge Voss because the Court failed to consider a material fact that was presented to it at the time of its initial decision – that, when this Court denied his motion for leave to amend on the ground that his four new causes of action were futile, the Court did not realize that it was also preventing him from properly adding four new defendants to Count One of his complaint. The Court disagrees that Gossett actually presented it with this fact. Although it is true that the proposed defendants were included in the proposed amended complaint, this fact was not clearly brought to the attention of the Court because Gossett failed to comply with Rule 15.1(a) of the Local Rules of Civil Procedure. As a result, in considering his proposed amended complaint, it was unclear to the Court what portions were new, what old material had been removed, and whether any defendants had been added. This failure caused the Court to be unaware of the newly named defendants included in Count One. It seems likely, as well, that this procedural failure caused Magistrate Judge Voss and Defendants to be unaware of the new Count One defendants. Gossett should have addressed his concern regarding the newly named defendants in his objection to the Report & Recommendation of Judge Voss.

Given that Defendants do not object to Gossett's request to add the new defendants to Count One, the Court will allow Gossett to file a second amended complaint in which he adds Morrow, Long, Sutton, Madsen, and Brown as defendants to Count One (use of

excessive force). Gossett may add no other defendants and may include no other cause of action in his new amended complaint.

**IT IS ORDERED:**

1. Gossett's motion for reconsideration (Dkt. #52) is **denied**.
2. Gossett is granted leave to file a second amended complaint, in compliance with this order, no later than **January 8, 2010**.

DATED this 14th day of December, 2009.

_____
David G. Campbell
United States District Judge